**Ray ENNISS, Plaintiff—Appellee,**

v.

**Arnold Reid ENNISS, an individual; et al., Defendants—Appellants.**

No. 04–56557.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2006.

Filed Aug. 4, 2006.

John Joseph Freni, Esq., San Diego, CA, for Plaintiff–Appellee.

Thomas M. Monson, Esq., Miller, Monson & Peshel, San Diego, CA, for Defendants–Appellants.

Before: REINHARDT, TROTT, and WARDLAW, Circuit Judges.

MEMORANDUM *

Arnold Reid Enniss ("Reid"), Delpha Enniss, and Commercial Conservancy No.

* This disposition is not appropriate for publication and may not be cited to or by the courts

1 ("Appellants") appeal the district court's judgment in this ERISA action brought by Ray "Chip" Enniss, a former employee, alleging that Appellants reneged on their promise to provide him a pension. Appellants contend the district court erred in holding that Chip had a valid promissory estoppel claim; that the relief he sought was authorized by ERISA; that his suit was not barred by the applicable statute of limitations; and that he was entitled to an equitable remedy. We affirm.

■ The district court correctly concluded that Chip's claim satisfied all the elements of federal common law promissory estoppel. *See Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 821–22 (9th Cir.1992). Because there was no written documentation of the Enniss Enterprises, Inc. ("EEI") plan and the various characterizations at trial of the plan's terms were inconsistent, the plan's terms were ambiguous. Moreover, Reid's statements to Chip regarding benefits were an oral interpretation of the plan not a modification or amendment of the plan. *See Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1286 (11th Cir.1990).

■ We reject Appellants' argument that the district court's remedy for Chip's promissory estoppel claim was outside the scope of ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)), which authorizes plan beneficiaries to bring civil actions against fiduciaries "to obtain other appropriate equitable relief." Although the EEI plan had been terminated, the district court's injunction was akin to an order reinstating a plaintiff in a benefits plan. *Cf. Mathews v. Chevron Corp.*, 362 F.3d 1172, 1186 (9th Cir. 2004); *Howe v. Varity Corp.*, 36 F.3d 746, 756–57 (8th Cir.1994), *aff'd*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). It did not "compel the payment of money *past due* under a contract, or specific performance of a *past due* monetary obligation." *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210–11, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (emphasis added). Instead, it ordered Appellants to fulfill a future obligation by creating a rabbi trust to fund a pension for Chip, which he could draw on only after February 1, 2005, predicated on the terms of Reid's promise that the EEI plan would be the same as or better than the union plan from which Chip withdrew. Nor did the injunction require Appellants to pay a specific sum to Chip: The amount Chip or his heirs will receive depends on the union's rate formula, which is subject to change; Chip's retirement date; and Chip's longevity post-retirement. Moreover, Appellants retain ownership of the trust corpus, and funds remaining in the trust after the later of the year 2015 or Chip's death revert to Appellants.

■ The district court correctly applied ERISA § 413's (29 U.S.C. § 1113) six-year statute of limitations for cases of fraud or concealment. Section 413 applies to actions "with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part." Although Chip's cause of action is federal common law equitable estoppel, his complaint alleges and the district court found that Appellants breached their fiduciary duty, a duty that arises under Part 4 of ERISA. *See* ERISA § 404(a) (29 U.S.C. § 1104(a)). Thus section 413 applies to Chip's suit. *See Meagher v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 856 F.2d 1418, 1422–23 (9th Cir.1988). *Pierce County Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge, B.P.O.E. No. 1450* is not to the contrary because it did not involve a breach of fiduciary duty, only an alleged failure to contribute to an ERISA plan as required

of this circuit except as provided by 9th Cir.    R. 36–3.

by ERISA § 515 (29 U.S.C. § 1145). 827 F.2d 1324, 1326–27 (9th Cir.1987). The district court's factual findings that Appellants took affirmative steps to conceal their breach of fiduciary duty were not clearly erroneous. Section 413's six-year statute of limitations for cases of fraud or concealment therefore applies.

The district court did not err in concluding that Delpha breached her fiduciary duty to inform Chip of material facts related to the EEI plan, *see Mathews,* 362 F.3d at 1183, nor did it abuse its discretion in finding Commercial Conservancy No.1 liable as a successor to EEI, *see Baker v. Delta Air Lines, Inc.,* 6 F.3d 632, 637 (9th Cir.1993), *as amended.* Finally, none of the district court's findings of fact material to this appeal are clearly erroneous.

**AFFIRMED.**